UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLYDE BROUGHTON, JR.,

    Plaintiff,

vs.                                                Case No.  3:06-cv-234-J-32MCR

CITY OF JACKSONVILLE,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery Responses (Doc. 33) filed October 1, 2007.  Defendant filed its response (Doc. 35) objecting to Plaintiff's Motion on October 8, 2007.  Accordingly, this matter is ripe for review.

In his Motion, Plaintiff seeks an Order compelling Defendant to supplement its answers to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.  (Doc. 33, p. 1).  Plaintiff also seeks sanctions against Defendant in the form of attorneys' fees and costs for the time Plaintiff spent in meeting and conferring with Defendant's counsel and in preparing the Motion to Compel.  Id. at 14.  Plaintiff's counsel certified she made a good faith effort to attempt to resolve the matter without the necessity of court action and further certified that Defendant failed to fully respond in full to Plaintiff's discovery requests.  Id.

Defendant, however, objects to Plaintiff's Motion to Compel because it claims Plaintiff did not comply with Local Rule 3.01(g) in a good faith effort to resolve the discovery dispute without court involvement.  (Doc. 35, p. 1).  Specifically, Defendant notes that the parties' counsel never consulted in person or over the phone regarding Plaintiff's discovery requests.  Id. at 4.  Moreover, Defendant argues that even though Plaintiff's counsel knew Defendant intended to provide Plaintiff will supplemental responses to Plaintiff's discovery requests, Plaintiff's counsel filed this Motion.  Defendant states it has now supplemented its responses to Plaintiff's discovery requests and, at the time it filed this response, Defendant's counsel was attempting to confer with Plaintiff's counsel regarding any remaining disagreement over the scope of discovery.  Id.  Consequently, Defendant requests this Court deny Plaintiff's Motion to Compel without prejudice.  Id.

The importance of the Local Rules cannot be overstated.  All counsel are expected to be familiar with and comply with all applicable rules of this Court.  Local Rule 3.01(g) states:

> [b]efore filing a motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion . . . ."

Although Plaintiff's counsel certifies she made a good faith attempt to resolve the matter with Defendant's counsel and to obtain the discovery without the necessity of court action, the documents filed in conjunction with Plaintiff's Motion to Compel and Defendant's response show otherwise.

A brief summary of Plaintiff's counsel's efforts to resolve this issue follows. Plaintiff's counsel sent a letter to Defendant's counsel on September 21, 2007 stating she had received Defendant's initial responses to Plaintiff's discovery requests and that after she had a chance to review such responses, she would meet and confer with Defendant's counsel regarding whether any further responses were required. (Doc. 33-6). Three days later, on September 24, 2007, Plaintiff's counsel sent a second letter to Defendant's counsel stating Defendant's responses to Plaintiff's discovery were not adequate and demanding that Defendant submit additional responses no later than September 26, 2007. (Doc. 33-7). These two letters appear to be the extent of Plaintiff's counsel's attempt to resolve the discovery dispute. In fact, Defendant represents the parties' counsel never met to specifically discuss these discovery issues.

On October 1, 2007, Plaintiff's counsel sent an email notifying Defendant's counsel that she intends to file a motion to compel that same day based on the issues raised in her September 24, 2007 letter. (Doc. 35-8, pp. 2-3). Defendant's counsel responded, only minutes later, that he intended to deliver Defendant's supplemental responses to Plaintiff's counsel later that same afternoon. Id. at 2. Plaintiff's counsel, however, was not deterred, replying that when Plaintiff received complete responses she would withdraw the Motion to Compel. Id. Notably, Plaintiff filed this Motion that same day. (Doc. 33).

Local Rule 3.01 (g) requires more effort than what occurred in this case. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F.

Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).  Thus, Plaintiff's counsel's attempt at communicating with Defendant's counsel via letters and email is insufficient.  Moreover, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith conference before any discovery motion is filed, is strictly enforced.  Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith.

Middle District Discovery (2001) at 20.

Although it appears Plaintiff's counsel made a minimal effort to confer with Defendant's counsel regarding her position with regard to discovery, she failed to make a full fledged good faith effort to resolve such dispute without court intervention, as evidenced by the fact that Plaintiff filed a Motion to Compel despite Defendant's counsel's promise that supplemental discovery responses were forthcoming.  In fact, Plaintiff filed his Motion to Compel on October 1, 2007 – the very day Plaintiff's counsel sent an email notifying Defendant's counsel of her intent to file such motion.  Plaintiff received Defendant's supplemental discovery responses the very next day.  Plaintiff's counsel was aware of Defendant's intent to supplement its responses, but nevertheless filed this Motion without bothering to consider or discuss how such responses would affect this Motion.

There is no evidence, nor do the parties' contend, that the parties' counsel attempted to discuss Plaintiff's objections to Defendant's responses in person or over

the phone in an attempt to resolve, or even minimize, this discovery dispute. Significantly, in filing Defendant's objection to this Motion, Defendant's counsel stated he was attempting to contact Plaintiff's counsel to discuss the parties' concerns in person, in an effort to resolve their dispute.  The Court urges the parties to communicate in a reasonable manner with one another before running to this Court to resolve its disputes.  Such Court filings could perhaps be avoided if counsel for all parties would speak with each other.  The parties are cautioned to comply with all rules of the Court in future rulings.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Discovery Responses (Doc. 33) is **DENIED**, **without prejudice.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  10th  day of October, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record